**Ex Parte Frank Eugene WATSON, Appellant.**

**No. PD–0294–08.**

Court of Criminal Appeals of Texas.

May 6, 2009.

Opinion Granting Discretionary Review
Dec. 16, 2009.

Melvin Carson Bruder, Dallas, for Appellant.

Amber Paige Dusenberry, Assistant Criminal District Attorney, Canton, Jeffrey L. Van Horn, Austin, for State.

## OPINION

HOLCOMB, J., delivered the opinion of the Court in which KELLER, P.J., JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined.

In this case, we must determine whether (1) appellant's prosecution for intoxication assault[1] included as one of its elements the offense of failure to yield right-of-way;[2] (2) the offense of failure to yield

---

1. Tex Pen.Code § 49.07.

2. The actual title of the offense is "Vehicle Turning Left." Tex. Transp. Code § 545.152.

But, for the sake of consistency, we will refer to it as "failure to yield right-of-way," as the court of appeals has done.

right-of-way was thus a lesser-included offense of intoxication assault under this Court's decision in *Hall v. State*, 225 S.W.3d 524 (Tex.Crim.App.2007); and (3) the prosecution for intoxication assault was therefore barred because he had already been punished for the offense of failure to yield right-of-way. We hold that appellant's prosecution for intoxication assault is not barred.

## Background

On July 14, 2003, appellant Frank Eugene Watson was arrested for intoxication assault and was given a traffic citation for failure to yield right-of-way. The record shows that appellant, driving a pickup truck, failed to yield the right-of-way while attempting to make a left turn at an intersection and struck a motorcycle coming from the opposite direction. On August 26, 2003, appellant pleaded no contest to the failure-to-yield charge in a justice of the peace court. The court accepted the plea and ordered that "further disposition be deferred without adjudication of guilty [sic]" for a period of sixty days. The court also ordered appellant to: (1) pay the court costs of $51; (2) commit no offenses against the laws of the State of Texas or any other state or the United States; (3) complete a Driver Safety Course; and (4) appear at the court again in sixty days and (a) present a sworn statement that he had received no moving violations in the preceding sixty days, (b) present proof of having completed the Driver Safety Course, and (c) pay a "Special Fee" of $104. Appellant complied with those terms, and the court dismissed the failure-to-yield-right-of-way charge.

About two years later, appellant was indicted for intoxication assault. He filed a pretrial application for writ of habeas corpus claiming that his prosecution for intoxication assault was barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because: (1) he has already been "convicted and punished" for the offense of failure to yield right-of-way, (2) the offense of failure to yield right-of-way has the "same elements" as those of intoxication assault, and (3) the State cannot use "the same facts" necessary to prove the offense of failure to yield right-of-way to now prove intoxication assault. The trial court held a hearing on appellant's application and, applying "the *Blockburger* rule,"[3] found that "the offenses [of intoxication assault and failure to yield right-of-way] are not the same" and that there was therefore "no violation of the double jeopardy clause."

Appellant appealed. The court of appeals, applying both the *Blockburger* rule and the cognate-pleadings test that this Court adopted for lesser-included-offense analyses in *Hall*, 225 S.W.3d 524, held that the "offense of failure to yield right of way is not the same offense as intoxication assault." *Ex parte Watson*, No. 12–07–00127–CR, 2007 WL 4328265 at *2, 2007 Tex.App. LEXIS 9661 at *3 (Tex.App.-Tyler, December 12, 2007) (not designated for publication). We granted appellant's petition to review that holding.

## Discussion

■ Appellant argues that the court of appeals did not apply the proper test in determining whether the indictment for

---

3. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

   The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

intoxication assault contained the lesser-included offense of failure to yield right-of-way for which he has already been punished.[4] He claims that the court of appeals applied the federal standard, the *Blockburger* rule, which considers only the statutory elements of the offenses in question, but that it did not examine "the facts and elements of the indictment" to determine whether "the elements of a lesser-included offense could be deduced from that indictment, as is required by *Hall.*" Appellant argues that "*Blockburger* is used to test whether an offense is included within another offense under the federal Double Jeopardy Clause," but that "in state cases, the question of whether an offense is a lesser-included offense is determined by state law." Thus, he argues that the court of appeals should have applied the *Hall* lesser-included-offense analysis, which would have shown that the offense of failure to yield right-of-way is a lesser-included offense of intoxication assault because all of the elements of failure to yield right-of-way "are set out in the indictment or can be deduced from the facts and allegations in the indictment filed in this case" for intoxication assault.

■ We disagree. The problem with appellant's reasoning is that, although he quotes the language we used in *Hall,* he misapplies it by emphasizing the evidence to be produced at trial. For example, he argues that "the *acts* upon which the failure to yield right of way offense [was] charged . . . were the same *acts* that gave rise to the intoxication assault offense . . . and that his arrest for intoxication assault occurred at the same time he was issued [the citation] for the failure to yield right of way offense." (Emphasis added.)[5] Indeed, appellant repeatedly tries to support his claim that the failure to yield right-of-way offense is a lesser-included offense of intoxication assault by arguing that the State would have to prove that appellant "failed to yield the right of way" by the use of the same *evidence* considered by the justice-of-the-peace court at the failure-to-yield-right-of-way proceeding. But appellant fails to realize that, under *Hall,* we do not even get to such evidence until and unless the alleged lesser offense meets the requirements of the first step of the lesser-included-offense analysis. As we noted in *Hall,* "the answers to questions about lesser-included offenses must be based on Article 37.09 of the Code of Criminal Procedure, which was Texas' first general statute that defined lesser-included offenses." 225 S.W.3d at 526. We also

---

4. We note that the State has argued in its brief that jeopardy did not attach in appellant's failure-to-yield-right-of-way case. But the court of appeals did not address this question, *see Watson,* 2007 WL 4328265 at *2 n. 3, 2007 Tex.App. LEXIS 9661 at *2 n. 3 ("Because the offenses are not the same, we do not reach the question of whether the dismissed misdemeanor offense [failure to yield right-of-way] is a former jeopardy."). We decline to address this question as well because we granted review solely to determine the *Hall* issue in this case, *i.e.,* whether [t]he court of appeals erred in holding that Mr. Watson's punishment for the offense of failure to yield the right-of-way did not bar his prosecution for intoxication assault because the indictment charging the intoxication assault included, as one of its elements, the offense of failure to yield the right-of-way, under this Court's decision in *Hall v. State.*

5. We note that, as the just-quoted language itself shows, appellant's approach in fact seems to be more akin to the "same-conduct" test introduced by *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). But the Supreme Court itself expressly overruled *Grady* just three years later, disavowing its "same-conduct" test, and calling the case "a mistake," *see United States v. Dixon,* 509 U.S. 688, 711, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), and we said nothing in *Hall* to suggest a reincarnation of that test in the State of Texas.

noted how this "statute sets out [a] *two-step* process of first looking at the charging instrument to discern the lesser-included offenses and next determining whether the evidence at trial supports giving one of [the] predetermined lesser-included offense instructions." *Id.* at 531 (emphasis added). As we explained,

> The first step in the lesser-included-offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a *question of law. It does not depend on the evidence to be produced at the trial.* It may be, and to provide notice to the defendant must be, capable of being performed before trial by comparing the *elements* of the offense as they are alleged in the indictment or information with the *elements* of the potential lesser-included offense.

*Id.* at 535–36 (emphasis added). Although we recognized that "[t]he evidence adduced at trial should remain an important part of the court's decision whether to charge the jury on lesser-included offenses," we noted that we turn to such evidence only in "[t]he *second* step in the [lesser-included-offense] analysis [in which we] ask whether there is evidence that supports giving the [lesser-included-offense] instruction to the jury." *Id.* at 536.

We will now apply the *Hall* lesser-included-offense analysis to the case before us. Once again, "we do not consider the evidence that [would have been] presented at trial" in the first step of this analysis. *Id.* "Instead, we consider only the statutory elements of [intoxication assault] as [those elements] were modified by the particular allegations in the indictment." *Id.* The indictment in the present case alleged, in relevant part, that appellant:

> did then and there operate a motor vehicle in a public place while intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a dangerous drug into the body, or by having an alcohol concentration of at least 0.08, and did by reason of such intoxication cause serious bodily injury to another, namely, Michael Todd Kinnett by accident or mistake, to-wit: failing to yield the right of way while turning left, and the defendant did then and there use and exhibit a deadly weapon to-wit: a motor vehicle which in the manner and means of its use or intended use was capable of causing death or serious bodily injury.

Texas Penal Code section 49.07, the statute on intoxication-assault under which appellant was indicted, reads in relevant part:

§ 49.07. Intoxication Assault

(a) A person commits an offense if the person, by accident or mistake:

(1) . . . while operating a motor vehicle in a public place while intoxicated, by reason of that intoxication causes serious bodily injury to another.

Applying the first step of the *Hall* lesser-included-offense analysis, we find that the statutory elements of intoxication assault, "as [those elements] were modified by the particular allegations in the indictment," 225 S.W.3d at 536, are as follows:

1. appellant
2. by accident or mistake
3. while operating a motor vehicle
4. in a public place
5. while intoxicated
6. by reason of that intoxication
7. caused serious bodily injury to another.

Following the *Hall* analysis, we must now compare the above elements of intoxication assault with the statutory elements of the alleged lesser offense of failure to yield right-of-way to determine whether

there are any elements of the failure-to-yield-right-of-way offense that could be included in the intoxication-assault offense. *Id.* The Texas Transportation Code Section 545.152, referring to the offense of failure to yield right-of-way as "Vehicle Turning Left," defines that offense as follows:

§ 545.152.   Vehicle Turning Left.

To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard.

Thus, the statutory elements of failure to yield right-of-way for the purpose of the *Hall* lesser-included-offense analysis are:

1.   appellant

2.   in turning left

3.   (a) at an intersection or

     (b)  into an alley or

     (c)  private road or

     (d)  driveway

4.   failed to yield the right-of-way

5.   to a vehicle that was

6.   (a) approaching from the opposite direction and

     (b) (1) was in the intersection or

          (2)  in such proximity to the intersection as to be an immediate hazard.

Comparing the above elements of the two offenses, we see that the only elements of the failure-to-yield-right-of-way offense that can be included in the intoxication-assault offense are "appellant" and "operating a motor vehicle" (which is expressly delineated as an element in the intoxication-assault statute and clearly implied as an element in the failure-to-yield-right-of-way statute).

■  We conclude the first step of the *Hall* lesser-included-offense analysis by "ask[ing] the question that Article 37.09(1) poses: are the elements of the lesser offense 'established by proof of the same or less than all the facts required to establish[ ] the commission of the offense charged'?" *Id.* The answer is that they are not. The facts required to prove the alleged lesser offense of failure to yield right-of-way include several elements that are not the same as, or less than, those required to establish the alleged greater offense of intoxication assault with which appellant had been charged, namely, elements 3–6 of failure to yield right-of-way given above ("at an intersection or into an alley or private road or driveway"; "failed to yield the right-of-way"; "to a vehicle that was"; "approaching from the opposite direction" and "was in the intersection or in such proximity to the intersection as to be an immediate hazard").

■  The above analysis should also help to clarify the source of the error in appellant's reasoning. Appellant's argument, indeed his whole brief, is centered on the fact that the State had mentioned "failing to yield the right of way while turning left" in the indictment. *See* the text of the indictment quoted earlier. Appellant misunderstood us when we said in *Hall* that we must consider the statutory elements of the indicted/alleged-greater offense "as [those elements] were modified by the particular allegations in the indictment." 225 S.W.3d at 536. Nowhere in that opinion did we say that the use of any language in the indictment that was not required by the statute transforms such language into additional elements of the charged offense. The State's mention of "failing to yield the right of way while turning left" in the indictment for intoxication assault describes the statutory element of "accident or mistake." While the use of such lan-

guage in the indictment might be helpful in providing notice to appellant and later in proving to the jury as to how appellant was supposed to have caused the bodily injury in question, it does not increase or change the number of elements for the greater offense beyond that defined by the statute itself. As the above-quoted text plainly shows, the intoxication-assault statute merely requires a showing that the defendant in a given case "cause[d]" serious bodily injury to another "by reason of" his intoxicated state. *See* TEX. PEN.CODE § 49.07. It does not say anything about the specific *manner* in which such injury was caused, merely requiring such injury to be the result of an "accident or mistake" as opposed to being intentional. Thus, the particular *manner* in which the injury was caused is not an "element" of the intoxication-assault offense, and we therefore do not consider any such descriptive language in the indictment (*e.g.*, pertaining to the type of "accident or mistake" involved, as in the present case), at least in the first step of our lesser-included-offense analysis.[6]

## Conclusion

Because the offense of failure to yield right-of-way fails to qualify as a lesser offense of intoxication assault under the first step of the *Hall* lesser-included-offense analysis, we do not reach the second part of that analysis. We therefore hold that failure-to-yield-right-of-way is not a lesser-included offense of intoxication assault and that appellant's prosecution for intoxication assault is not barred by the proceedings held in connection with the failure-to-yield-right-of-way charge. The judgment of the court of appeals is affirmed.

KELLER, P.J., filed a concurring opinion in which COCHRAN, J., joined.

6. We note that nowhere in his petition for discretionary review or in his brief has appellant specifically argued that the language "by accident or mistake, to-wit: failing to yield the right of way while turning left" in the indictment serves to transform "failing to yield the right of way while turning left" itself into the "by accident or mistake" element of the intoxication-assault offense. Rather, as we have noted earlier, his whole argument is that the State would have to prove the same *acts* (failure to turn left) for the intoxication-assault offense as were used to prove the failure-to-yield right-of-way. As we explained, such an argument comes within the realm of the *Grady* "same-conduct" test that was expressly disavowed by the Supreme Court itself in *Dixon*. To the extent that our decision in *Hall* would endorse such an interpretation, it would run equally afoul of *Dixon*.

We note further, however, that even if appellant had made the above argument, that argument would still fail for two reasons. First, as noted in the text of the opinion, we read the language "failing to yield the right of way while turning left" in the indictment as an attempt to show the specific *manner* in which the accident occurred. In other words, the failure to yield right-of-way is not itself an element of the offense, but a factual allegation intended to specify the manner in which the "accident or mistake" (the actual element of the offense) occurred. Second, even assuming *arguendo* that the use of the language "failing to yield the right of way while turning left" in that particular context transformed that allegation into an element, the alleged lesser offense of failure to yield right-of-way still has several elements that the intoxication-assault offense does not, *i.e.*, the above-listed elements 3, 5 and 6 of failure to yield right-of-way ("at an intersection or into an alley or private road or driveway"; "to a vehicle that was"; "approaching from the opposite direction" and "was in the intersection or in such proximity to the intersection as to be an immediate hazard"). As we explained, the intoxication-assault statute itself merely requires a showing that the defendant in a given case, "by accident or mistake," "cause[d] serious bodily injury to another" "by reason of" his intoxicated state. TEX. PEN.CODE § 49.07. It does not specify the *manner* in which such injury was caused.

COCHRAN, J., filed a concurring opinion.

WOMACK, J., filed a dissenting opinion in which MEYERS and PRICE, JJ., joined.

KELLER, P.J., filed a concurring opinion in which COCHRAN, J., joined.

There is no need for us to decide whether the allegation "failing to yield the right of way while turning left" is an element of the offense of intoxication assault in this case. Even if it were, the intoxication assault offense does not include the transportation code offense alleged by appellant because the transportation code offense contains at least one extra element that is not included in any of the allegations in the indictment.

Appellant relies upon Transportation Code § 545.152, titled: "Vehicle Turning Left." [1] That statute provides:

> To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is *approaching from the opposite direction* and that is in the intersection or in such proximity to the intersection as to be an immediate hazard." [2]

So the statute contains an element that is not in appellant's indictment: that there is a vehicle "approaching from the *opposite* direction." This statute does not, for example, apply when the approaching vehicle comes from the right or the left, instead of from the opposite direction.

The allegation "failing to yield the right of way while turning left" may sound like the allegation of a particular offense, but it is not. It is simply an allegation of conduct. Moreover, a number of other transportation code provisions could be violated by someone engaging in such conduct. One could, while turning left, fail to yield the right-of-way by failing to yield at a stop sign, a yield sign, or a traffic light; [3] by failing to yield to traffic on a paved street when turning from an unpaved street; [4] by failing to yield to traffic approaching an intersection "from the operator's right"; [5] by failing to yield to traffic on a through street while turning from a street that terminates at a "T" intersection; [6] and by failing yield the right-of-way while turning from an alley, building, private road, or driveway to a vehicle approaching on a highway. [7] Because the indictment alleged conduct, rather than an offense under § 545.152, double jeopardy does not bar prosecution for intoxication assault.

With these comments I join the Court's opinion.

COCHRAN, J., filed a concurring opinion.

I join the opinion of the Court. I add these comments only to emphasize that in *Hall v. State* [1] we did not resurrect, for purposes of Texas constitutional law, the discredited "same conduct" test of *Grady v. Corbin* [2] that briefly defined federal dou-

1. Tex. Transp. Code § 545.152.

2. *Id.* (emphasis added).

3. *Id.,* § 545.151(a); *see also id.,* § 545.153.

4. *Id.,* § 545.151(c).

5. *Id.,* § 545.151(d).

6. *Id.,* § 545.151(e).

7. *Id.,* § 545.155.

1. 225 S.W.3d 524 (Tex.Crim.App.2007).

2. 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), *overruled by United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Although Mr. Corbin was the defendant in this habeas corpus appeal and thus the "short" case name would normally be *Corbin,* I follow the Supreme Court's lead in calling this the *Grady* case.

ble jeopardy principles.[3]

3. The facts and charges in both this case and in *Grady* are analogous. In *Grady*, the defendant caused a fatal traffic accident. He was prosecuted for, and pled guilty to, two misdemeanor traffic offenses—driving while intoxicated and failing to keep to the right of the median—that arose out the same transaction. 495 U.S. at 511, 110 S.Ct. 2084. Two months later, he was charged with manslaughter, homicide, and assault based on the same accident. The prosecutor filed "a bill of particulars that identified the three reckless or negligent acts on which it would rely to prove the homicide and assault charges: (1) operating a motor vehicle on a public highway in an intoxicated condition, (2) failing to keep right of the median, and (3) driving approximately 45 to 50 miles per hour in heavy rain, 'which was a speed too fast for the weather and road conditions then pending.' " *Id.* at 513–14, 110 S.Ct. 2084. The defendant filed a motion to dismiss the indictments, arguing that the traffic tickets and the homicide charges represented the same offense because they relied upon the same underlying conduct. Judge Brennan, writing for a bare majority, held that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 510, 110 S.Ct. 2084. The Court relied, in part, on *dictum* from an earlier case, *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), which had suggested that double jeopardy principles beyond *Blockburger* might prevent a subsequent prosecution for involuntary manslaughter (which alleged the reckless act of failure to reduce speed) because the defendant had received and paid a traffic ticket for failure to reduce speed. 447 U.S. at 420, 100 S.Ct. 2260.

Three years later, and after extensive criticism, the Supreme Court overruled *Grady v. Corbin*, disavowed the dictum in *Vitale*, and returned to the *Blockburger* "same elements" double jeopardy test. *United States v. Dixon*, 509 U.S. 688, 711, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) ("[W]e think it time to acknowledge what is now, three years after *Grady*, compellingly clear: the case was a mistake." We do not lightly reconsider a precedent, but, because *Grady* contradicted

Like the United States Supreme Court, an "unbroken line of decisions," contained "less than accurate" historical analysis, and has produced "confusion," we do so here. We would mock *stare decisis* and only add chaos to our double jeopardy jurisprudence by pretending that *Grady* survives when it does not. We therefore accept the Government's invitation to overrule *Grady*.") (citation omitted); *see, e.g., United States v. Felix*, 503 U.S. 378, 390–91, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992) (criticizing *Grady* as difficult to apply); *Sharpton v. Turner*, 964 F.2d 1284, 1287 (2d Cir.1992) (noting that *Grady* test "has proven difficult to apply"); *Ladner v. Smith*, 941 F.2d 356, 362–64 (5th Cir.1991) (setting out the complicated steps that the test in *Grady* required courts to undertake); *see also* Anne Bowen Poulin, *Double Jeopardy Protection Against Successive Prosecution in Complex Criminal Cases: A Model*, 25 CONN. L.REV. 95, 104–05 (1992) (noting the complexity of double jeopardy analysis under *Grady v. Corbin* ). Professor Poulin explained that a

> [p]ure *Blockburger* analysis refers only to the statutory elements of the offenses under consideration. *Grady* simply added consideration of the actual prosecutorial theory. According to *Grady*, two offenses that are different under *Blockburger* because of their legal definition may be the same in a particular case because of their de facto application. Thus, *Grady* produces a double jeopardy bar if an element of the offense being prosecuted will be established by conduct constituting all the elements of the already prosecuted offense. *Grady* also produces a bar if the offense being prosecuted will be established by conduct constituting an element or the elements of the already prosecuted offense. If, however, there is merely overlap, double jeopardy will not bar the subsequent prosecution. For example, if the same conduct establishes the mental element of the case already prosecuted and the case being prosecuted, but the two offenses have aspects of the *actus reus* in which they are different, the later prosecution will not be barred. In sum, two offenses are the same if their elements form concentric circles either on the face of the charge or by virtue of the prosecution's theory, whereas two offenses are different if their elements form overlapping or entirely separate circles.

*Id.*

we continue to adhere to the "same elements" or *"Blockburger"* test[4] Thus, "in consecutive prosecution double jeopardy analysis, the *Blockburger* test is to be applied to the statutory elements underlying each indictment, or count, not to the averments that go beyond the statutory elements."[5] That is, we compare only the elements of the two offenses, not the "manner and means" that describes an essential element. An essential statutory element of intoxication assault is "mistake or accident." "Failing to yield the right of way while turning left" is not an essential statutory element of intoxication assault.

An allegation of that conduct simply describes the element of "mistake or accident" and provides due-process notice to the defendant. Under federal double jeopardy principles and the *Blockburger* test, the fact that appellant paid a traffic ticket for the traffic offense of failing to yield the right of way does not bar his subsequent prosecution for intoxication assault.[6]

Until 1982, Texas had a unique state-level double jeopardy test called "the carving doctrine," which held that the State could "carve" but one conviction out of a single criminal "transaction."[7] That doc-

**4.** *See Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Chief Justice Rehnquist explained, in *Dixon,*

> Our double jeopardy cases applying *Blockburger* have focused on the statutory elements of the offenses charged, not on the facts that must be proved under the particular indictment at issue....

509 U.S. at 716–17, 113 S.Ct. 2849 (Rehnquist, C.J., concurring and dissenting); *see also Albernaz v. United States,* 450 U.S. 333, 338, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) ("[T]he Court's application of the [*Blockburger*] test focuses on the statutory elements of the offense") (internal quotations omitted).

**5.** *United States v. Adams,* 1 F.3d 1566, 1574 (11th Cir.1993) (post-*Dixon* analysis); *see also United States v. Odutayo,* 406 F.3d 386, 392 (5th Cir.2005) ("The application of the *Blockburger* test does not involve the detailed examination of the case's factual circumstances; rather, our inquiry focuses on the elements of the statutory offense."); *United States v. Lankford,* 196 F.3d 563, 577 (5th Cir.1999) ("In applying [the *Blockburger*] test, we examine not the particular circumstances involved in the case before us, but the statutory elements"); *United States v. Soape,* 169 F.3d 257, 265 (5th Cir.1999) ("The focus in determining the issue of multiplicity is on the statutory elements of the offenses, not on their application to the facts of the specific case before the court."); *United States v. Singleton,* 16 F.3d 1419, 1422 (5th Cir.1994) ("The *Blockburger* inquiry focuses on the statutory elements of the offenses, not on their application to the facts of the specific case before the court. Thus, the question is not whether *this*

violation of § 2119 also constituted a violation of § 924(c), but whether *all* violations of the former constitute violations of the latter.") (footnotes omitted); *United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir.2005) (noting that "[t]he Blockburger test focuses on the statutory elements of each offense, not on the actual evidence presented at trial"); *United States v. Fornia–Castillo,* 408 F.3d 52, 70 (1st Cir.2005) (holding that the *Blockburger* test focuses on statutory elements of each offense); *United States v. Moore,* 43 F.3d 568, 571 (11th Cir.1995) (noting that under *Blockburger,* "the proper focus is on the statutory elements of the two crimes") *United States v. Colon–Osorio,* 10 F.3d 41, 43 (1st Cir.1993) ("The Blockburger test focuses on the statutory elements of each offense.").

**6.** *See, e.g., Ephraim v. State,* 237 S.W.3d 438, 441 (Tex.App.-Texarkana 2007, pet. ref'd) (defendant's conviction for driving at an unsafe speed did not bar, on double jeopardy grounds, successive prosecution for intoxication assault); *State v. Guzman,* 182 S.W.3d 389, 391–93 (Tex.App.-Austin 2005, no pet.) (prosecution for child endangerment based on indictment allegation that defendant drove while intoxicated with child under age 15 as a passenger was not barred by double jeopardy after defendant pleaded guilty to driving while intoxicated (DWI); under *Blockburger* test, allegation of "driving while intoxicated" was not an element of child endangerment, merely a descriptive allegation of manner and means of how child was endangered).

**7.** *See Ex parte McWilliams,* 634 S.W.2d 815, 822 (Tex.Crim.App.1982) (op. on reh'g). In

trine, similar to the *Grady* "same conduct" test, proved unsound, unworkable, and without constitutional or statutory basis.[8] In *Ex parte McWilliams*, this Court formally adopted *Blockburger* as its test for double jeopardy: "The *Blockburger* test is satisfied if each statutory offense requires the proof of a fact that the other does not. At trial there may be a substantial overlap in the proof of each offense; however, it is the separate statutory elements of each offense which must be examined under this test."[9] And we examine only the statutory elements, not the descriptive averments.

Although the present prosecution for intoxication assault would be barred under *Grady v. Corbin* and under the old Texas carving doctrine, it is not barred under modern federal double jeopardy principles. Indeed, in *Ortega v. State*,[10] we recently held that "[t]he courts of Texas are bound to follow the Supreme Court's rule that Fifth Amendment jeopardy questions must be resolved by application of the *Blockburger* test, which compares elements of offenses—not conduct."[11] In that case, we compared only the statutory elements of the two offenses, not any descriptive averments.[12] The majority is correct in following and applying *Blockburger* and *Ortega* in the present case.

WOMACK, J., filed a dissenting opinion, in which MEYERS and PRICE, JJ., joined.

The State prosecuted the appellant twice for offenses arising from a single traffic collision. The question is whether the second prosecution violated the Double Jeopardy Clause. I believe that it did, because the State's pleading of the second offense made the first offense a lesser-included offense of the second.

Police officers arrested the appellant at the scene of the collision. They gave him a traffic citation for failure to yield the

*McWilliams*, this Court stated that "the carving doctrine"

> should be abandoned. Although many opinions of this Court have stated that the carving doctrine is mandated by the Double Jeopardy Clauses of the Constitution of the United States and the Constitution of this State, these opinions are incorrect; the doctrine of carving is not mandated by the Double Jeopardy Clauses.

*Id.* The Court noted that "[i]nitially, carving was applied when the two offenses charged contained common material elements or when the two offenses required the same evidence to convict." *Id.* at 823. But that doctrine soon took on a life of its own, and its application proved erratic and unsound. The "carving doctrine" was rejected for the same reasons as those in *Grady v. Corbin:* lack of historical basis, unsoundness of reasoning, arbitrariness of result, and vagueness of application. *See id.* at 824.

8. *Id.*

9. *Id.*

10. 171 S.W.3d 895 (Tex.Crim.App.2005).

11. *Id.* at 899.

12. *Id.* Indeed, we found fault with the court of appeals in *Ortega* precisely because it had looked beyond the statutory elements of the penal offense. The court of appeals stated,

> Although statutory elements will always make up a part of the accusatory pleading, additional non-statutory allegations are necessary in every case to specify the unique offense with which the defendant is charged. We are to consider time, place, identity, manner and means in determining whether several offenses are the same.

*Ortega v. State*, 131 S.W.3d 698, 702 (Tex. App.-Corpus Christi 2004). We disagreed and noted that the court of appeals's analysis was much like that in the discredited *Grady v. Corbin* case. 171 S.W.3d at 898. Instead, courts compare only the statutory elements of the two offenses, not conduct and not the manner and means of committing the two offenses. *Id.* at 899.

right-of-way while turning left.[1] They also arrested him for the offense of intoxication assault.[2] The State prosecuted each offense in separate courts.

About six weeks after the arrest, the appellant appeared in a justice court, pleaded no contest to the allegation of failure to yield the right-of-way while turning left, and was placed on deferred-adjudication probation.

About two years later, a grand jury presented an indictment of the appellant in a district court. It alleged that he committed the offense of intoxication assault in that he "did then and there operate a motor vehicle in a public place while intoxicated . . . and did by reason of such intoxication cause serious bodily injury to another . . . by accident or mistake, to-wit: *failing to yield the right of way while turning left,* and the defendant did then and there use and exhibit a deadly weapon to-wit: a motor vehicle. . . ."

By this pleading, the State chose to allege the offense it had already prosecuted—failing to yield the right of way while turning left—as an element of the offense it was subsequently prosecuting, thus making it a lesser-included offense. *See Hall v. State,* 225 S.W.3d 524, 535 (Tex.Cr.App. 2007) (the sole test for determining whether a lesser-included offense is available in a prosecution is by looking at the allegations of the charging instrument in that prosecution).

When a person has been placed in jeopardy for a lesser-included offense, he may not be placed in jeopardy again for the greater offense. To do so violates the *Blockburger* rule:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determining whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.[3]

It is no answer to say that the State could have alleged acts of "accident or mistake" other than the very one that it had already prosecuted (failing to yield the right of way while turning left). It did allege that act, and its subsequent prosecution on that allegation placed the appellant in jeopardy again for the same offense.

I would hold that the appellant is entitled to habeas-corpus relief from the second prosecution.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

### PER CURIAM.

Following a traffic accident in which he struck a motorcyclist with his pickup truck, the appellant pled no contest to a misdemeanor charge of failing to yield the right of way while attempting to turn left at an intersection.[1] Later he was charged by indictment with the felony offense of intoxication assault.[2] He interposed a dou-

---

1. "To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard." TRANSP. CODE § 545.152.

2. "A person commits an offense if the person, by accident or mistake: (1) . . . while operating a motor vehicle in a public place while

intoxicated, by reason of the intoxication causes serious bodily injury to another." PENAL CODE § 49.07(a).

3. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

1. TEX. TRANS. CODE § 545.152.

2. TEX. PEN.CODE § 49.07.

ble-jeopardy objection via a pretrial application for writ of habeas corpus, but the trial court denied relief, and the court of appeals affirmed the trial court's judgment in an unpublished opinion.[3] We granted the appellant's petition for discretionary review.[4]

On original submission in this cause, this Court held that the prosecution of appellant for intoxication assault did not violate double jeopardy because the descriptive averment in the intoxication-assault indictment, viz., "failing to yield the right of way while turning left," did not constitute an element of the offense, but only a manner and means by which the offense was accomplished. Because this descriptive averment did not amount to an element of the greater inclusive offense of intoxication assault, we held that the lesser offense of failure to yield the right of way, contained in the Transportation Code, was not included within the intoxication-assault offense for purposes of Hall v. State.[5] And if the offense of failure to yield the right of way is not included within intoxication assault as alleged in the indictment, we concluded, there is no jeopardy bar to successively prosecuting the appellant for both offenses.

In Hall, we recognized the "cognate pleadings" approach to determining lesser-included offenses, to the exclusion of other approaches such as the "strict statutory" and "cognate evidence" approaches. Under the cognate pleadings approach, "the elements and the facts alleged in the charging instrument are used to find lesser-included offenses; therefore, the elements of the lesser offense do not have to be pleaded [in the indictment charging the greater inclusive offense] if they can be deduced from the facts alleged in [that] indictment."[6] In the strict statutory approach, which we rejected, "all of the statutory elements of the lesser offense [must be] contained within the statutory elements of the greater offense."[7] And in the cognate evidence approach, which we also rejected, "the court includes the facts adduced at trial in its lesser-included offense analysis."[8] Prior to Hall, our case law was somewhat conflicting, sometimes seeming to apply the strict statutory approach, other times the cognate evidence approach.[9] But in Hall, we definitively laid the conflict to rest when we construed Article 37.09(1) of the Code of Criminal Procedure to embrace the cognate pleadings approach,[10] abandoning all other ap-

---

3. Ex parte Watson, 2007 WL 4328265 (Tex. App.-Tyler, No. 12–07–00127–CR, delivered Dec. 12, 2007) (not designated for publication).

4. Our opinion on original submission contains a more detailed recitation of the facts and procedural posture of the case. Ex parte Watson, 306 S.W.3d 259, 2009 WL 1212565 (Tex.Crim.App., No. PD–0294–08, delivered May 6, 2009), at *1.

5. 225 S.W.3d 524 (Tex.Crim.App.2007).

6. Id. at 535 (emphasis added).

7. Id. at 525.

8. Id. at 526.

9. See id. at 530–31 ("The conflict has persisted, with some of the Court's opinions determining whether one offense is a lesser-included offense of another by comparing the elements of the offenses, and others by comparing the evidence in the case to the elements of the lesser offense.").

10. Tex Code Crim. Proc. art. 37.09(1) ("An offense is a lesser included offense if … it is established by proof of the same or less than all the facts required to establish commission of the offense charged") In Hall, we held that Article 37.09(1)'s reference to "the facts required to establish commission of the offense charged" means the elements and the facts as specifically alleged in the charging instrument. Id. at 534, quoting Parrish v. State, 869 S.W.2d 352, 354 (Tex.Crim.App.1994), and

proaches.[11] We observed that in applying the first step of the test for determining whether a requested lesser-included offense instruction ought to be given, "we consider only the statutory elements of murder as they were modified by the particular allegations in the indictment[.]"[12]

In his motion for rehearing, the appellant argues that our holding on original submission in this case was not faithful to *Hall's* cognate pleadings approach. Specifically, he argues that the elements of the offense of failure to yield the right of way can be "deduced" from facts alleged in the indictment for intoxication assault (as opposed to deducing those elements from *evidence* that might be offered *at trial*).[13] In view of that, he argues, under *Hall's* cognate pleadings approach, the failure to yield the right of way should be considered a lesser-included offense of intoxication assault as a matter of state law, and double

jeopardy should prohibit successive prosecution for the greater offense.[11] We granted the appellant's motion for rehearing to assess this argument. While we do find merit to his argument, we nevertheless affirm the judgment of the court of appeals because its conclusion was correct even under *Hall's* cognate pleadings approach.

We agree with the appellant that, in our opinion on original submission in this case, we veered precariously close to embracing the strict statutory approach when conducting our lesser-included-offense analysis.[15] We observed:

> While [language that is merely descriptive of an element] might be helpful in providing notice to appellant and later in proving to the jury as to how appellant was supposed to have caused the bodily injury in question, it does not increase

*Jacob v. State*, 892 S.W.2d 905, 908 (Tex. Crim.App.1995).

**11.** *Id.* at 535 ("We now hold that the [cognate] pleadings approach is the sole test for determining in the first step whether a party may be entitled to a lesser-included offense instruction. The availability of a lesser-included offense instruction in a given case still would depend on the second step, whether there is some evidence adduced at trial to support such an instruction.") Because the instant case does not involve the availability of a lesser-included offense instruction, but only with an issue of whether subsequent prosecution violates double jeopardy, we need not address the second step of the lesser-included offense analysis in this case. *See* note 10, *post.*

**12.** *Id.* at 536.

**13.** The intoxication assault indictment alleged that the appellant:

operate[d] a motor vehicle in a public place while intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a dangerous drug into the body, or by having an alcohol

concentration of 0.08, and did by reason of such intoxication cause serious bodily injury to another ... by accident or mistake, to-wit: failing to yield the right of way while turning left[.]

The appellant argues that the descriptive averment, "failing to yield the right of way while turning left," includes all of the elements of Section 545.052 of the Transportation Code. *See* TEX. TRANSP. CODE § 545.152 ("To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard."). Failure to abide by this statutory requirement constitutes a misdemeanor offense. TEX. TRANSP. CODE § 542.301.

**14.** *See Littrell v. State*, 271 S.W.3d 273, 276 (Tex.Crim.App.2008) (when conducting a double-jeopardy analysis, the question of whether two offenses are the "same" because one is a lesser-included offense of the other is a question of state law, to be resolved according to *Hall's* cognate pleadings approach).

**15.** *Hall, supra*, at 525.

or change the number of elements for the greater offense beyond that defined by the statute itself. * * * Thus, the particular *manner* in which the injury was caused is not an "element" of the intoxication-assault offense, and we therefore do not consider any such descriptive language in the indictment (*e.g.*, pertaining to the type of "accident or mistake" involved, as in the present case), at least in the first step of our lesser-included-offense analysis.").[16]

Thus, our opinion on original submission suggested that only the elements as alleged in the indictment for the greater-inclusive offense should be compared to the elements of the lesser offense in deciding whether the latter is included in the former. We likewise suggested that, when *Hall* alluded to the statutory elements in the indictment for the greater offense as "modified by the particular allegations in the indictment,"[17] we simply meant those elements, from among *alternative statutory* elements, that the State chose to plead in the indictment. We did not mean, our opinion on original submission suggested, that the phrase, "modified by the particular allegations in the indictment," should also include *descriptive averments*, that is, additional language that is merely descriptive of the statutory elements.

But this interpretation of *Hall* cannot be correct. For all practical purposes, such a crabbed interpretation of what we meant in *Hall* by the phrase, "modified by the particular allegations in the indictment," results in a test for lesser-included offenses that compares statutory elements only—essentially the strict statutory approach. And yet, in *Hall* we adopted the cognate pleadings approach exclusively and expressly rejected all other approaches to lesser-included offense determinations, including the strict statutory approach. Our opinion on original submission in this case came dangerously close to resurrecting this latter, expressly abandoned approach. This was not our intent.

■■■ We now reaffirm the principle that we, at least implicitly, recognized in *Hall*: An offense is a lesser-included offense of another offense, under Article 37.09(1) of the Code of Criminal Procedure,[18] if the indictment for the greater-inclusive offense either: 1) alleges all of the elements of the lesser-included offense, or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced.[19] Both statutory elements and any descriptive averments alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense. If a descriptive averment in the indictment for the greater offense is identical to an element of the lesser offense, or if an element of the lesser offense may be deduced from a descriptive averment in the indictment for the greater-inclusive offense, this should be factored into the lesser-included-offense analysis in asking whether all of the elements of the lesser offense are contained within the allegations of the greater offense.

16. *Ex parte Watson*, 2009 WL 1212565, at *4.

17. *Hall, supra,* at 536.

18. Tex Code Crim. Proc. art. 37.09(1)

19. We reiterate that this is emphatically *not* a "cognate evidence" approach to determining lesser-included offenses. This approach "includes facts adduced at trial in its lesser-included offense analysis." *Hall, supra,* at 526. However, we rejected this approach even before our opinion in *Hall*. *See Littrell v. State, supra,* at 278; *Ortega v. State,* 171 S.W.3d 895, 898–99 (Tex.Crim.App.2005).

Having reiterated the proper standard, we must also conclude, however, that the appellant's indictment for intoxication assault does not include all of the elements of the lesser offense of failing to yield right of way under Section 545.152 of the Transportation Code.[20] That is to say, the indictment for the greater offense does not expressly allege all of the elements of the lesser offense, nor may the missing elements reasonably be deduced from the descriptive averment. As Presiding Judge Keller noted in her concurring opinion on original submission, the descriptive averment in the appellant's intoxication-assault indictment lacked one of the elements of the lesser offense for which he was prosecuted, namely, that the vehicle was "approaching from the opposite direction."[21] Moreover, it cannot be deduced from the descriptive averment whether the appellant failed to yield the right of way to such an oncoming vehicle to the exclusion of a vehicle approaching from some *other* direction, or under *other* circumstances, which might constitute the commission of a different statutorily defined offense, as Presiding Judge Keller also noted.[22] Under these circumstances, we agree with the court of appeals that the descriptive averment in the intoxication-assault indictment does not reasonably give rise to a deduction that the appellant committed *all* of the constituent elements of the lesser offense defined in Section 545.151 of the Transportation Code. "It is simply an allegation of conduct[,]"[23] only some of which is embraced by Section 545.151. Because the conduct alleged in the intoxication-assault indictment was not sufficiently detailed or complete that it can reasonably be deduced that the appellant failed to yield the right of way under circumstances that would make him liable specifically under Section 545.151 of the Transportation Code, it cannot be said, under *Hall's* cognate pleadings approach, that the traffic offense is a lesser-included offense of the intoxication assault.

For this reason, we affirm the judgment of the court of appeals.

KELLER, P.J., and HOLCOMB, J., concurred in the result.

---

20. *See* Tex. Transp. Code § 545.152.

21. *Ex parte Watson*, 2009 WL 1212565, at *5 (Keller, P.J., concurring opinion on original submission).

22. *Id.* As Presiding Judge Keller pointed out, one may commit a statutorily distinct species of failure to yield the right of way while turning left "by failing to yield at a stop sign, a yield sign, or a traffic light; by failing to yield to traffic on a paved street when turning from an unpaved street; by failing to yield to traffic approaching an intersection 'from the operator's right'; by failing to yield to traffic on a through street while turning from a street that terminates in a 'T' intersection; and by failing [to] yield the right-of-way while turning from an alley, building, private road, or driveway to a vehicle approaching on a highway." *Id.* (footnotes omitted).

