# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00036-CR

**Charles Randel Wiethorn, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT NO. D-08-0748-SB, HONORABLE TOM GOSSETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Charles Randel Wiethorn guilty of assault on a public servant, a third degree felony. *See* Tex. Penal Code Ann. § 22.01(b) (West Supp. 2009). The trial court assessed punishment, enhanced by two previous felony convictions, at 45 years' imprisonment.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief in which she states that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967). Appellant received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. Appellant filed a pro se brief in which he raised as a ground for appeal that the trial court erred by refusing to charge the jury on resisting arrest, which he claims is a lesser-included offense of the offense charged. *See* Tex. Penal Code Ann. § 38.03 (West 2003). We conclude that appellant has raised an arguable ground for appeal. Determining whether an offense is a lesser-included offense entails a comparison of the elements

as they are alleged in the indictment or information with the elements of the potential lesser-included offense. *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007); *see also Ex Parte Watson*, 306 S.W.3d 259, 271 (Tex. Crim. App. 2009). The elements and the facts alleged in the charging instrument are used to find lesser-included offenses. *Hall*, 225 S.W.3d at 535. The elements of the lesser offense do not have to be pleaded in the indictment charging the greater inclusive offense if they can be deduced from the facts alleged in the indictment. *Id.*

Because an *Anders* brief has been filed, we may not address the merits of any arguable ground for appeal until the issue has been briefed by new counsel. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Accordingly, this appeal is abated. The trial court is instructed to appoint substitute counsel to file a brief addressing whether the trial court erred in refusing to charge the jury on the lesser-included offense of resisting arrest, along with any other issue that counsel deems meritorious. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Present counsel's motion to withdraw is granted. *See id.* A copy of the order appointing substitute counsel shall be forwarded to this Court no later than September 15, 2010. Substitute counsel's brief will be due thirty days after the date of appointment.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Abated

Filed: August 20, 2010

Do Not Publish

2