

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00334-CR

RUBEN PEREZ-ROSALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B19090-1203, Honorable Edward Lee Self, Presiding

August 26, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Ruben Perez-Rosales, appeals from his conviction for aggravated sexual assault of a child and resulting twenty-three-year sentence.[1]  On appeal, he contends that the trial court erred by refusing his requested instruction on the lesser-included offense of indecency with a child.  We will affirm.

---

[1] See TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West Supp. 2012).

## Factual and Procedural History

Appellant lived with his girlfriend, Valeria, and her four daughters, M.R., L.R., P.R., and A.R. One day in January 2012, appellant accompanied P.R. and A.R. to their grandmother's house down the road to check on the house and take care of her dog while she was out of town. Twelve-year-old P.R. also wanted to pick up her planner that she had left there and went into the back bedroom in search of it. Appellant later joined P.R. in the bedroom while A.R. stayed in the living room and watched television with the dog.

After some time, A.R. began to wonder what was taking appellant and P.R. so long and went into the back bedroom to investigate. When she opened the door, she saw that appellant had pulled P.R.'s pants part way down and was touching P.R. "in the private" with his hand as she leaned onto the nearby bed. When A.R. came into the room, P.R. jumped up and pulled her pants up, and, despite appellant's instructions not to tell their mother about the incident, the two sisters ran down the road back to their house and reported the incident to their mother, who took P.R. to the hospital for a sexual assault exam.

During the investigation which followed, appellant admitted in an interview with Detective Ruben Liscano to having touched P.R. on more than one occasion, and, to supplement and clarify the written statement memorializing his admission, he drew a picture of his hand to demonstrate the depth to which he penetrated P.R. with his finger. Appellant was charged with aggravated sexual assault of child.

At trial, P.R. testified that appellant touched her "[i]n [her] private" and later, when asked to clarify, testified that he touched her "inside" her "private." A.R. testified similarly as to what she saw when she walked into the bedroom that day, stating unequivocally that appellant was touching P.R. "in the private" with his hand. Liscano testified that appellant admitted to having touched P.R.'s genitals and demonstrated, by way of the drawing, how deeply he digitally penetrated P.R.'s sexual organ. SANE Dana Wong testified that P.R. reported to her that appellant had been touching her since he moved into the family's house. Wong testified that P.R. explained to her that "touching" meant that he was touching her "[i]n her privates with his privates." Appellant testified and denied having digitally penetrated P.R. or otherwise touched her inappropriately. He maintained that his written statement was coerced.

Appellant unsuccessfully requested an instruction on the lesser-included offense of indecency with a child. The jury found appellant guilty of aggravated sexual assault of a child and recommended punishment of twenty-three years in prison. The trial court imposed sentence accordingly, and this appeal followed. Appellant complains on appeal of the trial court's refusal to include in its charge to the jury an instruction on the lesser-include offense.

Standard of Review and Applicable Law

In his sole issue on appeal, appellant contends the trial court erred by refusing to include in its charge to the jury an instruction on the lesser-include offense of indecency with a child. We review a trial court's refusal to include a lesser-included-offense

3

instruction for an abuse of discretion.  See Threadgill v. State, 146 S.W.3d 654, 666 (Tex.Crim.App. 2004) (en banc).

An offense is a lesser-included offense if, among other reasons, it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.  See TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006); Hall v. State, 225 S.W.3d 524, 527 (Tex.Crim.App. 2007).  To determine whether a defendant is entitled to an instruction on a lesser-included offense, the Texas Court of Criminal Appeals has developed the two-stepped Aguilar/Rousseau test.  See Cavazos v. State, 382 S.W.3d 377, 382 (Tex.Crim.App. 2012) (citing Hall, 225 S.W.3d at 535–36, and referring to Rousseau v. State, 855 S.W.2d 666, 672 (Tex.Crim.App. 1993) (en banc), and Aguilar v. State, 682 S.W.2d 556, 558 (Tex.Crim.App. 1985) (en banc)).  First, a court must determine whether the proof necessary to establish the charged offense also included the lesser offense.  Id.; Hall, 225 S.W.3d 535–36.  If so, a court must then consider whether the evidence shows that, if an appellant is guilty, he is guilty only of the lesser offense.  See Cavazos, 382 S.W.3d at 383.

Step One

To determine whether an offense qualifies as a lesser-included offense under article 37.09(1), Texas courts utilize the cognate-pleadings approach.  Id. at 382 (citing Ex parte Watson, 306 S.W.3d 259, 271 (Tex.Crim.App. 2009) (per curiam) (op. on reh'g)).  The Texas Court of Criminal Appeals has explained that an offense is a lesser-included offense of another, under article 37.09(1), if the indictment for the greater-inclusive offense either (1) alleges all of the element of the lesser-included offense or

4

(2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced. See id. (quoting Watson, 306 S.W.3d at 273). This first analytical step is a question of law which does not depend on the evidence presented at trial and calls on the court to compare the elements alleged in the indictment with the elements of the lesser offense. See id.; Rice v. State, 333 S.W.3d 140, 144 (Tex.Crim.App. 2011) (citing Hall, 225 S.W.3d at 535).

Step Two

If the court determines that the offense is a lesser-included offense under article 37.09(1), it then must consider whether there is some evidence that would permit a rational jury to find that, if the appellant is guilty, he is guilty only of the lesser offense. Cavazos, 382 S.W.3d at 383; Hall, 225 S.W.3d at 536; Nevarez v. State, 270 S.W.3d 691, 693 (Tex.App.—Amarillo 2008, no pet.) (mem. op.). "This second step is a question of fact and is based on the evidence presented at trial." Cavazos, 382 S.W.3d at 383. A defendant is entitled to lesser-included-offense instruction if some evidence from any source raises a fact issue on whether he is guilty of only the lesser offense, regardless of whether such evidence is weak, impeached, or contradicted. Id. However, a defendant is not entitled to a lesser-included-offense instruction simply because the evidence supporting the greater charged offense is weak, the evidence supporting the greater charge is discredited or weakened during cross-examination, or the jury might disbelieve crucial evidence pertaining to the greater offense. See Bignall v. State, 887 S.W.2d 21, 24 (Tex.Crim.App. 1994) (en banc). That is, "there must be some evidence directly germane to a lesser[-]included offense for the factfinder to

5

consider before an instruction on a lesser[-]included offense is warranted." Id. "The evidence must establish the lesser-included offense as 'a valid, rational alternative to the charged offense.'" Rice, 333 S.W.3d at 145 (quoting Hall, 225 S.W.3d at 536).

Analysis

Appellant contends that indecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act. See Evans v. State, 299 S.W.3d 138, 143 (Tex.Crim.App. 2009). From the State's brief, it appears that the State concedes as much. Having reviewed Evans and other relevant cases on that issue and having concluded that appellant's contention and the State's concession are well-taken, we dispatch with the first step of the Aguilar/Rousseau test and move on to the record to address the second step where we must determine whether the record reveals some evidence that, if appellant is guilty, he is guilty only of the offense of indecency with a child. See TEX. PENAL CODE ANN. § 21.11 (West 2011).

Though appellant does not specify, our reading of his brief and the record suggests that he sought an instruction on indecency with a child by contact rather than indecency with a child by exposure. Compare id. §§ 21.11(a)(1), (c), with id. § 21.11(a)(2) (outlining elements of indecency with a child by sexual contact and by exposure, respectively). An actor commits the offense of indecency with a child by contact by engaging in "sexual contact" with the child. See id. § 21.11(a)(1). "Sexual contact" means any touching by a person of the anus, breast, or any part of the genitals of a child if done with the intent to arouse or gratify the sexual desire of any person. Id.

6

§ 21.11(c). Focusing on the element relevant to our analysis, we note that a person commits aggravated sexual assault of a child when he "causes the penetration of the anus or sexual organ of a child by any means." See id. § 22.021(a)(1)(B)(i). Evidence of even the slightest penetration is sufficient to uphold a conviction so long as it has been shown beyond a reasonable doubt. See Luna v. State, 515 S.W.2d 271, 273 (Tex.Crim.App. 1974).

P.R. testified that appellant touched her "inside" her "private" but, when asked if she knew what he used to touch her "inside" her "private," answered that she did not. A.R., who walked in on and witnessed the assault, testified that appellant was touching P.R. "in the private" with "his hand." Liscano testified that appellant admitted to him that he touched P.R. with his finger. Indeed, in his written statement, appellant stated that he touched P.R.'s genitals with his finger. As Liscano testified and as is contained in the record, appellant also drew a picture of his hand and drew a line on the drawn finger to demarcate the depth to which his finger penetrated P.R.'s sexual organ.

Appellant testified and denied having touched P.R., explaining that he was coerced into making those statements by Liscano's assurances that he could go home if he admitted the conduct. Nonetheless, testimony from A.R. and Liscano indicate that appellant digitally penetrated P.R. And appellant's own statement and illustration do the same. P.R.'s testimony unequivocally indicates that appellant penetrated her sexual organ, though she testified that she was uncertain as to what he used to do so.

Therefore, appellant's contention must rely heavily on the testimony of SANE Wong who performed the sexual assault exam on P.R. and who, in doing so, took the

7

history from P.R. shortly after the incident took place.  In P.R.'s account to Wong, P.R. explained that appellant had been touching her for several months, since he moved into the home.  P.R. explained to Wong that by "touching" she meant that appellant had been touching "[i]n her privates with his privates."  Appellant also cites P.R.'s uncertainty as to what appellant used to penetrate her; though she was certain that he touched "inside" her privates, she did not know what he used to penetrate her.

According to appellant, this evidence suggesting that P.R. was uncertain as to which body part appellant used to penetrate her sexual organ means that the jury could have believed that he did not penetrate her *at all* and, instead, may have merely touched her "private," making him, therefore, guilty only of indecency with a child by sexual contact.  In his brief, appellant summarizes his contention: "Given the contradictory nature of the testimony concerning the single act alleged by the State to have been performed by Appellant, the jury certainly could have believed that Appellant only touched, not penetrated, P.R.'s sexual organ."  While there may be a degree of confusion or uncertainty on P.R.'s part as to what appellant used to penetrate her, the record indicates that she is certain that he did penetrate her.[2]  And A.R.'s account of the incident and appellant's own illustration certainly indicate that appellant did so digitally.

Further, while we acknowledge the fact that appellant must have contacted P.R.'s genitals immediately before and in the course of penetrating her sexual organ, we note that such sexual contact occurring in the course of or incident to an act of sexual penetration is subsumed in the completed act.  See Patterson v. State, 152

---

[2] Appellant does not challenge the sufficiency of the evidence to show that he used his finger to penetrate P.R.'s sexual organ.

S.W.3d 88, 92 (Tex.Crim.App. 2004) (en banc).  The Texas Court of Criminal Appeals recently explained Patterson:

> In other words, a single sexual act might involve a person first exposing his penis, then contacting a child's genitals with his penis, then penetrating the child's genitals with his penis.  That single, flowing, undifferentiated act may violate three separate Penal Code provisions, but in Patterson, we held that the Legislature intended only one conviction for that one sexual act.

Loving v. State, 401 S.W.3d 642, 2013 Tex. Crim. App. LEXIS 950, at *24–25 (Tex.Crim.App. 2013) (Cochran, J., concurring).[3]

However, there is no evidence that appellant is guilty of merely making contact with P.R.'s sexual organ—without penetrating it—and, therefore, guilty only of indecency with a child by contact.  Rather, the record indicates that appellant is either not guilty or is guilty of aggravated sexual assault of P.R. by digital penetration as alleged in the indictment and as criminalized by section 22.021.  The evidence appellant cites which suggests P.R.'s uncertainty as to *how* appellant penetrated P.R.'s sexual organ does not translate into evidence that he did not penetrate her and, instead, only made contact with her genitals.  See TEX. PENAL CODE ANN. §§ 21.11(c), 22.021(a)(1)(B)(i); see also Bignall, 887 S.W.2d at 24.  Any uncertainty as to what appellant used to penetrate P.R. is not evidence "directly germane" to the lesser-

---

[3] Additionally, a number of intermediate appellate courts have relied on Patterson in a variety of contexts to conclude that contact with the genitals that occurs in the course of digital penetration of the female sexual organ is subsumed in the completed act of penetration.  See, e.g., Rodriguez v. State, No. 11-11-00046-CR, 2013 Tex. App. LEXIS 1429, at *8 (Tex.App.—Eastland Feb. 14, 2013, no pet.) (mem. op., not designated for publication); Rodriguez v. State, No. 04-11-00809-CR, 2012 Tex. App. LEXIS 9839, at *11 (Tex.App.—San Antonio Nov. 30, 2012, pet. ref'd) (mem. op., not designated for publication); Soto v. State, 267 S.W.3d 327, 343 (Tex.App.—Corpus Christi 2008, no pet.); Barnes v. State, 165 S.W.3d 75, 88 (Tex.App.—Austin 2005, no pet.).

included offense of indecency with a child by sexual contact such that we could conclude that appellant was guilty only of that lesser offense. See Bignall, 887 S.W.2d at 24. That said, the record does not establish indecency with a child by contact as "a valid, rational alternative to the charged offense." See Rice, 333 S.W.3d at 145.

Having concluded that appellant cannot satisfy the second prong of the Aguilar/Rousseau test to show that he was entitled to a lesser-included-offense instruction, we overrule his sole point of error.

## Conclusion

Having overruled appellant's sole point of error, we affirm the trial court's judgment of conviction. See TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Do not publish.