

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00039-CR

STEVEN DOUGLAS PRATT                                                    APPELLANT

V.

THE STATE OF TEXAS                                                             STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Steven Douglas Pratt appeals his conviction for felony assault[2] on a family member by means of "intentionally, knowingly, or recklessly

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 22.01(b)(2)(B) (West 2011).

imped[ing] the normal breathing or circulation of the blood by applying pressure to the throat or neck of Nikki Norman," Pratt's live-in girlfriend. In his sole issue, Pratt argues that the trial court erred by denying his request that the jury charge contain a lesser included offense instruction of misdemeanor assault.[3] We will affirm.

## II. BACKGROUND

After having barricaded herself in her apartment's bathroom on November 11, 2011, at roughly 10:40 p.m., Norman called 9-1-1 to report a "domestic dispute." Through tears and labored breathing, Norman explained that she was calling because Pratt had "beat[en] [her] up." Norman told the 9-1-1 operator that she was attempting to leave with her "baby" but could not, and that her mother, father, and brother had come to the apartment to help her leave but that Pratt had "attacked" her father and brother. When the 9-1-1 operator asked her where her brother and father were at the time of her call, Norman explained that they were "in there trying to detain him because he's going nuts. He's drunk."

According to his testimony at trial, City of Granbury Patrol Sergeant Alan Hicks responded to the 9-1-1 dispatch regarding Norman's call. By Hicks's account, when he arrived at Pratt's apartment, he first encountered three men, one of them being Pratt. Hicks testified that Pratt had apparent injuries to his

---

[3]*See* Tex. Penal Code Ann. § 22.01(a) (West 2011).

2

face.  Hicks averred that Pratt explained that Norman's brother had assaulted him.  Hicks then talked with Norman and noticed that she had "red marks on the side of her face, and she had round red marks around her neck."  Hicks testified that these injuries appeared "fresh."  Pictures of Norman's injuries were published to the jury, and Hicks confirmed that the photos were taken shortly after he arrived at the apartment.  Upon further investigation, Hicks said that he also discovered injuries to Norman's chest.  Hicks said that because Norman's account of the events was that Pratt had choked her and that his initial investigation revealed injuries consistent with strangulation, coupled with Pratt's "angry [and] intoxicated" demeanor, he arrested Pratt that night and charged him with "assault family violence impede breathing [or] circulation."

Officer Justin McGuire of the Granbury Police Department testified that he also responded to the dispatch and that while at the apartment he also witnessed redness and abrasions on Norman's face and neck.  McGuire testified that the injuries were obvious and fresh.  Hicks said that when he inquired of Norman how she had been injured, Norman said that Pratt had "choked her."  McGuire further inquired whether Pratt's actions had "made it difficult for her to breathe."  Norman responded that it had.  McGuire also testified that the injuries on Norman's person were consistent with her having been choked.

Norman testified that she lived with Pratt and their daughter in the apartment.  Norman explained that earlier that night she told Pratt that she was

going to run an errand. Pratt reacted by accusing her of adultery and she testified that when she began to leave, Pratt hit her. According to Norman, Pratt then "got on top of [her] and started to choke" her. Explaining the incident further, Norman described how Pratt had "put both of his hands around [her] neck and started to squeeze [her] throat." Norman stated that she "could not breathe."

After breaking free, Norman said that she ran toward the kitchen, but that Pratt "pushed [her] again and got on top of [her] again, and -- with both hands" choked her. Norman said that Pratt's conduct again caused her to lose her ability to breathe for "about 15 to 20 seconds." When asked whether she said anything to him during this time, Norman said "No . . . I couldn't speak." Norman testified that she feared that she might die. By Norman's account, Pratt repeated this behavior a third time: "[H]e got right back on top of me and started to choke me again." Norman said that she was finally able to break free by kicking Pratt in the genitals. From there she barricaded herself in the bathroom and called her mother. After Norman's mother, father, and brother arrived, and after Pratt allegedly assaulted her brother, Norman called 9-1-1.

At the close of evidence, Pratt requested that the court's charge include a lesser included offense instruction, "removing the impeding the circulation or breath, and make it a simple family assault violence case." The trial court denied

4

this request. The jury found Pratt guilty and sentenced him to twenty years' incarceration. This appeal followed.

## III. DISCUSSION

In his sole issue, Pratt argues that the trial court erred by denying his request that the jury charge include the lesser included offense of misdemeanor assault. We disagree.

A two-pronged test is used to determine whether a lesser included offense must be included in the jury charge when requested. A charge on a lesser included offense is required if (1) the lesser included offense is included within the proof necessary to establish the charged offense and (2) there is some evidence that would permit a rational jury to find that, if the accused is guilty, he is guilty of only the lesser offense. *Hall v. State*, 225 S.W.3d 524, 526, 535 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App.), *cert. denied*, 510 U.S. 919 (1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981) (plurality op. on reh'g); *see* Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006).

With respect to the first prong, an offense is a lesser included offense of another offense under Article 37.09(1) if the indictment for the greater inclusive offense either (1) alleges all of the elements of the lesser included offense or (2) alleges elements plus facts from which all of the elements of the lesser included offense may be deduced. *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex.

Crim. App. 2009). The resolution of the first prong is a question of law to be determined by looking at the elements and facts alleged in the charging instrument, not the evidence presented at trial. *Hall*, 225 S.W.3d at 535. The State concedes that the first prong is satisfied in this case. *See* Tex. Penal Code Ann. § 22.01.

In connection with the second prong of the inquiry, some evidence must exist in the record that would permit a jury to rationally find that if the accused is guilty, he is guilty only of the lesser offense. *Hall*, 225 S.W.3d at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at 672–73. The evidence must be evaluated in the context of the entire record. *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). There must be some evidence from which a rational jury could acquit an accused of the greater offense while convicting him of the lesser included offense. *Id.* The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Id.* Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. *Hall*, 225 S.W.3d at 536.

Here, Pratt posits that "a number of facts in the record . . . show much more than just a scintilla of evidence" that he did not choke Norman. Specifically, Pratt argues that because Norman did not seek medical attention on the night of the assault; because she was able to break free from Pratt's assailment; because she was able to call her parents "[i]mmediately after allegedly being choked;"

6

because she did not call the police until after her family arrived; and because she did not take photographs of large bruises that Norman testified appeared on her neck in the days following the incident, there exists more than a scintilla of evidence that Pratt did not choke Norman. But as the State responds, none of these points "are directly germane to the issue" of whether Pratt was only guilty of the lesser included offense of misdemeanor assault.

Norman testified that Pratt repeatedly pushed her down and choked her. She described to the jury how on three different occasions during the incident, Pratt applied pressure to her neck using his hands to the point that she was either unable to speak, unable to breathe, or barely capable of maintaining consciousness. The pressure was repeated, continual, and forceful enough that Norman testified that she thought that she might die. Two officers testified that when they arrived at the apartment, Norman showed "obvious" signs of trauma from strangulation and that it appeared to both of them that her wounds were "fresh." Photographs depicting these injuries that were taken when police arrived were published to the jury. Although affirmative evidence of the points Pratt now propounds might have further strengthened the State's case that Pratt impeded Norman's normal breathing or circulation by applying pressure to her throat or neck, none of the points Pratt raises rationally support an inference that he did not choke Norman and that he is guilty of only the lesser included offense of misdemeanor assault requested by him. *See Cavazos v. State*, 382 S.W.3d 377,

7

385 (Tex. Crim. App. 2012) ("Meeting this threshold requires more than mere speculation—it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense."). We overrule Pratt's sole issue.

## IV. CONCLUSION

Having overruled Pratt's sole issue on appeal, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 17, 2013