

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00153-CR
### NO. 02-15-00154-CR
### NO. 02-15-00155-CR

ANTHONY ROBERT SAFIAN                                     APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1383629D, 1383630D, 1386101D

----------

## MEMORANDUM OPINION[1] ON REMAND[2]

----------

[1]*See* Tex. R. App. P. 47.4.

[2]A new panel was assigned to this case on remand because the three original panel members have retired from the court.

## I. INTRODUCTION

A jury convicted Appellant Anthony Robert Safian of aggravated assault on a public servant, possession of less than one gram of heroin, and evading arrest while using a vehicle. *See* Tex. Penal Code Ann. § 22.02(a)(2), (b)(2)(B) (West 2011), § 38.04(a) (West 2016); Tex. Health & Safety Code Ann. § 481.115(a)–(b) (West 2017). In his brief on original submission to this court, Safian raised three points challenging the sufficiency of the evidence to support his convictions for aggravated assault on a public servant and possession of less than a gram of heroin and to support the jury's finding that he had used a deadly weapon during the evading arrest offense. In a separate point, Safian argued that the trial court erred by denying his request for an instruction in the jury charge concerning deadly conduct as a lesser-included offense of aggravated assault on a public servant.

We held that the evidence was sufficient to support Safian's convictions and the jury's deadly-weapon finding and that deadly conduct was not a lesser-included offense of aggravated assault under article 37.09 as the latter offense was charged in the indictment. *See Safian v. State* (*Safian I*), Nos. 02-15-00153-CR, 02-15-00154-CR, 02-15-00155-CR, 2016 WL 828337, at *9 (Tex. App.—Fort Worth Mar. 3, 2016) (mem. op., not designated for publication), *rev'd*, 543 S.W.3d 216 (Tex. Crim. App. 2018) (*Safian II*). Accordingly, we affirmed the judgments in trial court cause numbers 1383629D (evading arrest while using a vehicle) and 1383630D (aggravated assault on a public servant), we modified the

judgment in trial court cause number 1386101D (possession of less than one gram of heroin) to reflect a conviction for a state-jail felony because the judgment incorrectly described the offense as a third-degree felony, and we affirmed that judgment as modified. *See id.* at *9.

On Safian's petition for discretionary review, the Texas Court of Criminal Appeals concluded that deadly conduct, as a matter of law, is a lesser-included offense of the charged offense of aggravated assault by threat where it is alleged that appellant used or exhibited a motor vehicle as a deadly weapon. *Safian II*, 543 S.W.3d at 217, 219, 224. Because on original submission this court performed only the first step of the two-step analysis for determining whether Safian was entitled to the deadly conduct lesser-included offense instruction, the court of criminal appeals remanded this case for us to conduct the second step. *Id.* at 217, 224. After conducting the second step of the lesser-included offense analysis, we again affirm Safian's conviction for aggravated assault on a public servant.[3]

---

[3]Because the issue remanded to us deals solely with Safian's conviction for aggravated assault on a public servant, the outcomes of Safian's appeals from his convictions for evading arrest while using a vehicle and for possession of less than one gram of heroin remain unchanged from our prior opinion.

## II. FACTUAL BACKGROUND[4]

In September 2014, Fort Worth Police Department (FWPD) Officer Juan Trujillo and another officer, while undercover, were monitoring a home where they suspected that illegal drug sales were occurring. The home was in an area in which drug-related crime was common. The officers saw a truck pull into the driveway of the home, and Safian exited the truck and went inside. Less than five minutes later, he left the home, got back into the truck, and drove away. In an unmarked car, Officer Trujillo and his partner began to follow Safian.

Eventually, Safian stopped in the middle of a narrow residential road that had overgrown vegetation and uneven pavement on its sides.[5] Officer Trujillo's partner honked a horn several times, but the truck remained in the road approximately fifteen feet in front of the officers' car. The officers saw Safian lean toward his truck's center console; Officer Trujillo believed that Safian was "ingesting . . . narcotics in his arm."

Officer Trujillo called for a marked police unit to join him and his partner there. FWPD Officer Matthew Pearce arrived. He parked his patrol car about ten feet in front of Safian's truck with the vehicles facing each other and exited his patrol car. He saw the truck remaining in the middle of the road, which he

---

[4]We set forth only the facts that are pertinent to the issue on remand, as taken from the background section of our original opinion. *See Safian I*, 2016 WL 828337, at *1.

[5]Officer Trujillo opined that two cars would not be able to safely pass each other on the road. He also testified that the road had deep potholes.

believed to be a traffic offense. After Officer Pearce had taken a few steps toward Safian's truck and had unholstered his gun, according to Officer Trujillo, Safian sat up "really straight," put the truck into gear, and quickly "sped towards Officer Pearce." Officer Trujillo saw Officer Pearce's eyes "get really big" as the truck spun its tires and moved toward Officer Pearce. From Officer Trujillo's vantage point, he initially thought that the truck had hit Officer Pearce. But Officer Trujillo then saw Officer Pearce get into his patrol car and begin following Safian. After a long chase in which Safian ran stop signs, drove the wrong way into oncoming traffic, and traveled at speeds of forty to fifty miles over the speed limit, he crashed with another vehicle.

### III. No Evidence Exists that Safian Was Guilty Only of Deadly Conduct

In his third point,[6] Safian argues that the trial court erred by denying his request for an instruction concerning deadly conduct as a lesser-included offense in the jury charge for aggravated assault on a public servant.

### A. Standard of Review

We use a two-step analysis to determine whether an appellant was entitled to a lesser-included offense instruction. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App.), *cert. denied*, 510 U.S. 919 (1993). First, the lesser offense must come within article 37.09 of the code of criminal procedure. Tex. Code Crim. Proc.

---

[6]We did not request, nor did the parties file, new briefing when this case was submitted after remand.

5

Ann. art. 37.09 (West 2006); *Moore v. State,* 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  An offense is a lesser-included offense of another offense, under article 37.09(1), if the indictment for the greater-inclusive offense either (1) alleges all of the elements of the lesser-included offense or (2) alleges elements plus facts (including descriptive averments, such as nonstatutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced.  *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g).

Second, some evidence must exist in the record that would permit a jury to rationally find that if the appellant is guilty, he is guilty only of the lesser offense. *Hall*, 225 S.W.3d at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at 672–73.  Meeting this threshold requires more than mere speculation; it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense. *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012).  The evidence must be evaluated in the context of the entire record.  *Moore*, 969 S.W.2d at 8. The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  *Id.*  Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge.  *Hall*, 225 S.W.3d at 536.

**B.  Law on Aggravated Assault on a Public Servant and Deadly Conduct**

As charged in the pertinent indictment, a person commits aggravated assault on a public servant by intentionally or knowingly threatening a public

6

servant with imminent bodily injury and using or exhibiting a deadly weapon during the commission of the offense. *See* Tex. Penal Code Ann. § 22.01(a)(2) (West Supp. 2017), § 22.02(a)(2), (b)(2)(B). A person commits deadly conduct if he "recklessly engages in conduct that places another in imminent danger of serious bodily injury." *Id.* § 22.05(a) (West 2011).

### C. Analysis of Second Step

As set forth above, the court of criminal appeals concluded that in this case under the first step of the lesser-included offense analysis, deadly conduct, as a matter of law, is a lesser-included offense of the charged offense of aggravated assault by threat because the indictment alleged that Safian used or exhibited a motor vehicle as a deadly weapon. *See Safian II*, 543 S.W.3d at 217, 219, 224. Under the second step, we look to see if there is some evidence in the record that would permit a jury to rationally find that if Safian is guilty, he is guilty only of the lesser offense of deadly conduct. *See Hall*, 225 S.W.3d at 536.

Safian contends that he "only acted recklessly [as] shown by the evidence that though his vehicle came near the area where [Officer] Pearce was situated, he steered his pickup truck off the pavement to the right of [Officer] Pearce and his patrol car in making his getaway." Safian also contends that the condition of the pavement made it impossible for him to drive very fast and that he did not swerve toward Officer Pearce. The portions of the record cited in Safian's brief do not support these contentions. Instead, Safian's steering his pickup truck off

7

the pavement is consistent with testimony that two cars could not drive side by side on the narrow road without one car driving on the grass.

Moreover, the record demonstrates that Safian's conduct in driving towards Officer Pearce was intentional or knowing, not reckless. As set forth in our opinion on original submission in analyzing the sufficiency of the evidence to support whether Safian intentionally or knowingly threatened Officer Pearce with a deadly weapon,

> the jury could have reasonably inferred that [Safian] intentionally or knowingly threatened Officer Pearce with a deadly weapon from (1) Officer Trujillo's testimony that upon [Safian's] seeing Officer Pearce, [Safian] "sped towards [him]" at a high enough rate of speed to spin his tires and kick up dust from the rear of the truck; (2) Officer Trujillo's testimony that [Safian's] truck drove close enough to Officer Pearce that he thought it hit Officer Pearce; (3) Officer Pearce's testimony that after he and [Safian] made eye contact and he told [Safian] to not move, [Safian] "yanked . . . down" the gearshift, "hit the gas[,] and accelerated towards [Officer Pearce]"; (4) Officer Pearce's testimony that he had to throw himself into his patrol car to avoid getting hit and that the truck would have struck him had he not done so; (5) Officer Pearce's testimony that [Safian's] truck came within a foot of striking his patrol car's door; and (6) Officer Pearce's testimony that he feared for his safety.

*Safian I*, 2016 WL 828337, at *4; *see also St. Clair v. State*, 26 S.W.3d 89, 97 (Tex. App.—Waco 2000, pet. ref'd) (holding that appellant intentionally or knowingly threatened officer with imminent bodily injury by pointing vehicle in officer's direction and accelerating, causing officer to take cover because he "was in fear of being struck by the car" as it accelerated toward him). Because no evidence indicates that Safian was acting only recklessly, there is no evidence that Safian is guilty *only* of deadly conduct. *See Dixon v. State*, 358 S.W.3d 250,

8

258–59 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (stating that although facts—that appellant at times during the chase drove on a trail used by vehicles and drove in an opposite direction from the victim—might be indicative of lesser-included offenses of deadly conduct or reckless driving, "this evidence does not show that the defendant is guilty only of the lesser-included offense" in light of testimony that he was chasing victim while on that trail and almost struck her with his truck). Safian thus has not met the second step of the *Hall* analysis and was not entitled to a lesser-included instruction on deadly conduct. *See Amaro v. State*, 287 S.W.3d 825, 830–31 (Tex. App.—Waco 2009, pet. ref'd) (holding that appellant was not entitled to lesser-included instruction on deadly conduct because second step of *Hall* analysis was not met). Accordingly, we hold that the trial court did not err by denying Safian's request for an instruction on deadly conduct, and we overrule Safian's third point.

## IV. CONCLUSION

Having overruled Safian's third point, which contains the sole issue before us on remand, we affirm the trial court's judgment in 1383630D that reflects Safian's conviction for aggravated assault on a public servant.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, PITTMAN, and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

9

DELIVERED:  June 14, 2018